20-784-cv
Kampfer v. Argotsinger

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of April, two thousand twenty-one.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> *Chief Judge,*
> **RICHARD C. WESLEY,**
> **SUSAN L. CARNEY,**
> *Circuit Judges.*

_____

**Douglas E. Kampfer,**

> *Plaintiff-Appellant,*

> v.                                                                                                    **20-784**

**Richard Argotsinger, Town of Mayfield, Town Supervisor and Board Member, Jack Putman, Town of Mayfield, Town Councilman, Steven Van Allen, Town of Mayfield, Town Councilman, Thomas Ruliffson, Town of Mayfield, Town Councilman, Vincent Coletti, Town of Mayfield, Town Councilman,**

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANTS:      Douglas E. Kampfer, pro se, Mayfield, NY.

FOR DEFENDANTS-APPELLEES:     Corey A. Ruggiero, Johnson & Laws, LLC, Clifton Park, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Douglas Kampfer, pro se, sued several Board members of the Town of Mayfield (the "Town")—Jack Putman, Thomas Ruliffson, Steven Van Allen, and Vincent Coletti—as well as Town Supervisor Richard Argotsinger (collectively, the "Defendants") under 42 U.S.C. § 1983. Kampfer alleges that they violated his constitutional rights under § 1983 by failing to provide him with a written appointment when he replaced the Town's Dog Control Officer ("DCO") midway through that officer's one-year term and by declining to reappoint him for a subsequent term without affording him notice and a hearing. The Defendants moved for summary judgment, arguing, among other things, that they did not violate Kampfer's procedural or substantive due process rights because he did not have a property interest in the DCO position. Kampfer cross-moved for summary judgment, arguing that state law created such a property interest. The district court granted summary judgment to the Defendants and Kampfer appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.  **Waiver**

As an initial matter, Kampfer does not address the district court's grant of summary

judgment to the Defendants on his First, Seventh, and Eighth Amendment claims in his brief, and he has therefore waived any challenge to the district court's ruling. *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). Kampfer argues—for the first time on appeal—that the Oath of Office he signed following his appointment constituted a contract that created a property interest in his position, and that the DCO is a law enforcement officer under state law. We decline to address these new arguments because "it is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994). In addition, Kampfer does not challenge the district court's conclusion that he had only a unilateral expectation of continued employment and did not have a property interest in the DCO position pursuant to any statute or contract. As a result, Kampfer's only remaining challenges on appeal—to the extent he raises any viable arguments—are that his procedural due process rights were violated because he was not given notice and a hearing before he was "discipline[d]," and that his substantive due process rights were violated because he had a "fundamental property interest" in his position as a public employee.[1] Appellant's Br. at 12–13.

## II. Merits

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing

---

[1] Kampfer also argues that the district court "failed to consider" his cross-motion for summary judgment. Appellant's Br. at 6. This argument is meritless. The district court's decision referenced his submissions and addressed his arguments concerning his cross-motion.

the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). Further, to advance a claim pursuant to § 1983, a plaintiff must establish that an alleged deprivation "was committed by a person acting under color of state law." *Naumovski v. Norris*, 934 F.3d 200, 212 (2d Cir. 2019) (citation omitted). And "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

## A. Procedural Due Process

Kampfer argues generally on appeal, as he did before the district court, that the Defendants violated the Fourteenth Amendment's guarantee of procedural due process when they failed to afford him notice and a hearing before deciding not to reappoint him as a DCO at a December 2017 meeting. To state a § 1983 procedural due process claim, a plaintiff must "first identify a property right, second show that the government has deprived him [or her] of *that* right, and third show that the deprivation was effected without due process." *J.S. v. T'Kach*, 714 F.3d 99, 105 (2d Cir. 2013) (alteration and citation omitted). "In the employment context, a property interest arises only where the state is barred, whether by statute or contract, from terminating (or not renewing) the employment relationship *without cause*." *S & D Maint. Co. v. Goldin*, 844 F.2d 962, 967 (2d Cir. 1988).

As noted above, Kampfer does not challenge the district court's conclusion that he possessed no statutory basis for his property interest in continued employment as a DCO, and he

4

argued in district court that he had no contract with the Town.[2]  Without such a property interest in continued employment, his procedural due process claim failed, and the Town was free to terminate him without cause and without a hearing.  *See Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 578 (1972) (holding that where a public employee's appointment terminated on a particular date and there was no provision for renewal after that date, the employee "did not have a property interest sufficient to require . . . a hearing when [the officials] declined to renew his contract of employment.").  The district court therefore properly granted summary judgment to the Defendants, finding that there was no genuine factual issue regarding Kampfer's procedural due process claim, and his argument on appeal is meritless.

**B.  Substantive Due Process**

Kampfer next argues on appeal that the Defendants' decision not to reappoint him violated substantive due process because he had a "fundamental property interest" in the DCO position that the Defendants infringed in an "arbitrary" fashion.  Appellant's Br. at 12.  Substantive due process protects against "certain government actions regardless of the fairness of the procedures used to implement them[.]"  *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998) (citation omitted).  But a plaintiff claiming a substantive due process violation based on arbitrary state action must first show that he or she had a valid property interest.  *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene of City of N.Y.*, 746 F.3d 538, 545 (2d Cir. 2014) (explaining that in order to demonstrate a substantive due process violation based on arbitrariness, the plaintiff must show that he or she "(1) had a valid property interest . . . ; and (2) defendants infringed on

---

[2] Kampfer asserted in his cross-motion for summary judgment that he had neither an oral nor a written contract with the Town.

that property right in an arbitrary or irrational manner." (internal quotation marks and citation omitted)). Thus, where the plaintiff "possessed no protectible property interest . . . , it would appear obvious" that any deprivation "in no way violated . . . [plaintiff's] substantive due process rights[.]" *Local 342, Long Island Pub. Serv. Emps., UMD, ILA, AFL–CIO v. Town Bd. of Huntington,* 31 F.3d 1191, 1196 (2d Cir. 1994). Kampfer had no property interest, fundamental or otherwise, in the DCO position and, consequently, his not being reappointed could not have been arbitrary or conscience-shocking. *See id.*; *Royal Crown Day Care LLC*, 746 F.3d at 545. The district court therefore properly granted the Defendants summary judgment on Kampfer's substantive due process claim.

We have considered Kampfer's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
